OTTO BATTSCHINGER, DEFENDANT IN ERROR, v. REBECCA V. ROBINSON ET AL., PLAINTIFFS IN ERROR.

GEORGE BATTSCHINGER, DEFENDANT IN ERROR, v REBECCA V. ROBINSON ET AL., PLAINTIFFS IN ERROR.

Submitted July 1, 1912—Decided November 18, 1912.

1. The refusal of the trial court to instruct the jury as to the probative effect of a fact in evidence is discretionary but not obligatory upon a request to charge.
2. In a suit to recover damages caused by the negligence of a landlord in neglecting to repair, a request to the trial court to charge that if an inspection was made during the period in question, and such inspection did not disclose the danger complained of, the verdict must be for the defendant, which request the trial court refused—*Held*, not erroneous since the request failed to include the legal requirement of duty that the inspection be carefully and properly made.
3. An objection not urged in the Supreme Court upon review will not be considered in this court upon writ of error.

---

On error to the Supreme Court, Essex Circuit.

For the plaintiffs in error, *Frank E. Bradner.*

For the defendant in error, *Osborne & Astley.*

The opinion of the court was delivered by

MINTURN, J.  Two cases involving the claims of parent and child, respectively, arising out of an accident to the latter, were tried together in the Essex Circuit and a judgment was rendered for each.  The infant plaintiff, while delivering ice in the course of his employment to a tenant in the defendant's apartment-house in Newark, was injured by the fall of a dumb waiter, and upon the alleged negligence of the landlord in failing to repair, the actions are founded.

Liability of the landlord is predicated upon the theory that from want of proper inspection the rope to which the dumb waiter was affixed was suffered to get into disrepair, and thereby became unfit for the purpose for which it was intended to be used by the tenants in the building.  The jury having found for the plaintiff upon that issue, the defendant now assigns error upon six reasons for reversal of the judgment, all of which are directed to the charge of the trial court or to its refusal to charge as requested.  It is quite apparent that the proof in support of the plaintiff's contention as to the defective condition of the rope was ample to enable the jury to conclude as they have concluded.  The first request to charge was substantially that if the defendant or her agent inspected the dumb waiter and rope between certain periods covered by the testimony, and such inspection did not disclose the danger, the verdict must be for the defendant.  Such a request eliminates the essential element in the rule of duty regulating the defendant's conduct, viz., that the inspection must be ample and carefully and properly made.  Upon that ground the request was properly denied.  24 *Cyc.* 1125, and cases cited; *Owings* v. *Jones,* 9 *Md.* 107; *Albert* v. *State,* 66 *Id.* 325.

The second request presented the proposition that in order to warrant a recovery the plaintiff must prove that the defendant or her agents failed to make an inspcetion of the dumb waiter and rope, and that such inspection, if made, would have disclosed the frayed condition of the rope.  This request limited the defendant's negligence to the frayed condition of the rope, and left out of consideration any other elements of deterioration resulting from lack of proper inspec-

tion and repair which may have caused or contributed to cause the damage, and it therefore imposed too narrow a theory of liability upon the landlord, and was properly refused.

The third request required the court to instruct the jury arbitrarily as to the conclusion they should reach from the fact that a piece of lint discovered by a witness did not, as defendant contended, come from the part of the rope which was found to be broken, and therefore was not evidence of the damaged condition of the rope.

The facts regarding this element of the case were entirely before the jury, and the court would not be warranted in making that distinct feature of the case a basis for instructing the jury upon it as a conclusive factor in determining the existence of a defect in the rope. It was an element in the case, in nowise conclusive, but to be accepted with the other facts and circumstances in evidence as bearing upon the mooted question as to proper inspection; and so the court quite properly left it to the jury under adequate instructions. In reality, the request was designed to draw from the court an opinion as to the effect of the testimony in question upon the controlling inquiry in the case. This was discretionary with the court, but in nowise obligatory. *Consolidated Traction Co. v. Chenowith.* 29 *Vroom* 416.

The trial court charged that in order to recover the plaintiff must prove that the defendant or her agents "failed to make intelligent, careful inspection with reasonable frequency, which, if made, would have disclosed that the rope was liable to break, so that due care forbade its further use in its existing condition. Unless the proof shall satisfy you that the defendant failed to make such a careful and reasonable frequent inspection, you should find for the defendant." Exception to this instruction as imposing a burden upon the defendant that was greater than the rule of legal duty imposes. It is difficult to perceive in what manner and to what extent such an instruction imposes any burden upon the defendant, but, *per contra,* it is quite apparent that it imposed the entire burden of showing want of proper inspection and due care

upon the plaintiff as *sine quo non* to recovery, and so it must be treated as harmless in its application to defendant.

It is objected but not assigned for error, and therefore not legally before us, that there was no evidence in the case upon which damages to the father could be given by the jury; and the trial court's instruction upon that subject is criticised as follows, viz.: "That the legal inference resulting from the boy's age is that he is still in a state of dependent minority and his father is entitled to his wages." We are not upon this hearing called upon to inquire into the *quantum* of the verdict. In the absence of testimony to the contrary, the legal presumption is that the father received the infant's wages, the amount of which was proved in the case, and upon which we must assume this verdict for the father was based, the infancy having been established and in nowise controverted. Emancipation will not be presumed, and the burden of proving it is upon the defendant. The *postea* returned with the judgment record discloses that the trial of the case was had before "Frederic Adams, one of the justices of the Supreme Court," and the defendant assigns that misdescription of the trial judge as error.

It might be urged that the maxim *falsa demonstratio non nocet* supplies a sufficient answer to his objection. *Bittleston v. Cooper*, 14 *M. & W.* 399.

But the complete answer under the circumstances is found in the fact that the objection was not assigned for error in the Supreme Court, and therefore cannot be assigned for that purpose here.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY, JJ. 14.

*For reversal*—None.