MARCEL LE PICHARD v. GEORGE N. THURBER COMPANY.

Submitted March 21, 1912—Decided April 15, 1913.

Where the plaintiff rented apartments under an agreement that steam heat would be supplied by the landlord, and during the possession of the demised premises by the tenant the steam escaped through a disjointed radiator, injuring the tenant's furniture, and causing her to take up her abode elsewhere—*Held*, that the landlord was liable for the damage thus caused.

On appeal from the District Court of Jersey City.

Before Justices TRENCHARD, PARKER and MINTURN.

For the plaintiff, *George J. Stillman.*

For the defendant, *Frank G. Turner.*

The opinion of the court was delivered by

MINTURN, J.  The state of demand alleges that defendant was a corporation and owner of certain premises, and rented an apartment to plaintiff with steam heat, retaining control over the heating apparatus except as to the privilege of the tenant to use it or not.

Liability is predicated on the theory that the defendant undertook and promised that the premises were in tenantable condition, and that the radiators were in proper condition to turn on the steam; and that it was the duty of the defendant to see that they were in good condition; that one of the radiators was disconnected, and when steam was turned on, the room became saturated with it, and the furniture thereby was badly damaged.  Judgment was given for the plaintiff for $150.

The evidence shows that the plaintiff, after putting the furniture in the apartment, preparatory to going there to reside, came back after some days and found the place full of steam and the radiator disconnected and steam coming

in from the open pipe. She testified that she was unable to live in this apartment and had to go elsewhere, paying board. She testified that Mr. Taylor, acting as agent for the defendant, had shown her through the apartment before renting it, and assured her that it had just been put in first class condition, and that steam heat and hot water would be supplied. The receipt for the rent contains this notice:

"No repairs will be done or paid for by the landlord of the above premises, except those agreed to in writing at the time of rental."

There was a motion to nonsuit on the ground that no negligence of the defendant was shown, and that plaintiff was guilty of contributory negligence. There is no difficulty about this feature of the case, since the fact that the radiator was disconnected, taken in connection with the fact that such a condition generally requires the work of a steamfitter, and the further fact that the apartment was shown to plaintiff as an entirely new apartment, justifies the inference that the apartment was left in an unfinished condition, so far as the radiator was concerned, and that this neglect was the proximate cause of the damage.

It is insisted that the defendant was not connected with this condition; but that point was not fairly presented on the trial, and cannot be raised here in the first instance. The contract of letting was with a firm of agents called Taylor & Company, and throughout the case there is no claim that they were not the agents of the defendant corporation, or that such corporation was not shown to be the owner of the property, and we therefore conclude that the motion to nonsuit was properly denied.

The court was asked to strike out a claim for board of the plaintiff and wife while living elsewhere, which motion was granted. It was also urged that under the terms of the hiring of the property no liability to the plaintiff on the part of the defendant can be predicated on the facts of the case. We think the adjudications are entirely to the contrary. *Ingwersen* v. *Rankin,* 18 *Vroom* 18; see also

note to 23 *L. R. A.* 159, concerning defective proof, defective leaders and leakage from plumbing; and also 29 *Id.* 358, dealing with electric and gas fixtures.

The general principle upon which liability is predicated is dealt with in *LaBrasca* v. *Hinchman,* 52 *Vroom* 367, and *Broome* v. *New Jersey Conference Association,* 54 *Id.* 621; *Dreeves* v. *Schoenberg,* 53 *Id.* 335.

The state of demand counts on negligence in that the landlord, being in control of the steam heat, was under a duty to use reasonable care to see that it did not do injury. *Battschinger* v. *Robinson,* 54 *Vroom* 739.

It was also insisted that damages for inconvenience suffered could not be allowed on the ground that they were not proper elements of damage, and were not alleged in the state of demand as such.

This objection also applied to allowing damage for loss of occupancy of the rooms. We think these items were clearly proper for consideration by the trial court in view of the fact that the inconvenience alleged was associated with physical discomfort. *Luse* v. *Jones,* 10 *Vroom* 707; *Hale Dam.* 92.

The state of demand alleges that plaintiff has been unable to occupy the premises or have the use and enjoyment of the goods and chattels, and has been forced to board and live at another place, and was unable to use said apartment or the said goods and chattels.

We think the deprivation of the possession of the rooms where he expected to reside, and of the possession of the goods that belonged to him, were reasonable elements of tortfeasance upon which to base an award of damages.

The claim that oral evidence was wrongfully admitted to show representations by the agents, at the time of the letting, when there was a written agreement embodied in the receipt as above quoted, is of no consequence, because the cause of action does not rest upon the agreement made with the agent, but as we view it, upon the negligence of the landlord in the management of the steam heating plant upon the demised premises over which he exercised a gen-

eral control. *DeMateo* v. *Perano,* 51 *Vroom* 439; *Dreeves* v. *Schoenberg, supra.*

The judgment will be affirmed.