CHARLES BARRY, RESPONDENT, v. BORDEN FARM PRODUCTS COMPANY, A CORPORATION, APPELLANT.

Argued March 6, 1924—Decided May 19, 1924.

1. Motions for nonsuit and for the direction of a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and of every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied.

2. The evidence tended to show that the plaintiff was driving his taxicab at a speed of from twenty to twenty-five miles an hour in the open country on a public highway on a dark night; that his taxicab lights were burning and he was on his right-hand side of the road; that at a point where the road curved to his left there suddenly loomed up in front of him the defendant's horse-drawn truck, coming towards him, about twelve feet away, on the wrong side of the road, and without any light thereon, and which plaintiff had not seen before because his lights, by reason of the curve, showed to the right of the road; that the plaintiff endeavored to avoid the collision by running around the defendant's team to the plaintiff's left; that he did not succeed in that attempt because the defendant's driver "grabbed the lines in a drowsed condition" and "jerked the horses" into the side of the plaintiff's car, thereby causing plaintiff's physical injury—*Held*, that motions to nonsuit and to direct a verdict for the defendant on the ground of contributory negligence of the plaintiff were rightly denied.

3. Where the driver of an automobile upon a public highway, without any fault on his part, is placed in a position of imminent peril by another vehicle, the law will not hold him guilty of such negligence as to defeat his recovery if he does not select the very wisest course, and an honest mistake of judgment in such a sudden emergency will not of itself constitute contributory negligence, although another course might have been better and safer. All that is required from a person in such an emergency is to act with ordinary care in the circumstances, it being for the jury to determine whether such an emergency existed and whether he acted with due care.

On appeal from the Supreme Court.

For the appellant, *M. Casewell Heine* (*Heine, Bradner & Laird,* on the brief).

For the respondent, *Robert Newton Crane.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below was driving his taxicab on a public highway, and was injured in a collision with a truck of the defendant company. He recovered a verdict at the Union Circuit, and the defendant appealed from the consequent judgment.

The sole complaint now is that the trial judge erred in refusing to grant the defendant's motions to nonsuit, and to

direct a verdict for the defendant upon the ground of plaintiff's contributory negligence.

We think that the motions were rightly denied.

Motions for nonsuit and for the direction of a verdict for the defendant, for the purpose of the motions, in effect admit the truth of the evidence, and of every inference of fact that can be legitimately drawn therefrom, which is favorable to the plaintiff, but deny its sufficiency in law; and where such evidence or inferences of fact will support a verdict for the plaintiff, such motions must be denied. *Weston Co.* v. *Benecke,* 82 *N. J. L.* 445.

From the evidence so considered, it appears that the jury was at liberty to find, if they saw fit, the following matters of fact: In the early morning of January 28th, 1922 (at three A. M.), the plaintiff was driving his taxicab at a speed of from twenty to twenty-five miles an hour in the open country on the public highway from Plainfield to South Plainfield. It was a cold, dark and cloudy night. It had snowed the night before, and only twenty feet in the centre of the road—the paved portion—had been cleared of snow. The plaintiff's taxicab lights were burning, and he was on his right-hand side of the road. At a point where the road curved to his left there suddenly loomed up in front of him the defendant's horse-drawn truck, coming towards him, about twelve feet away, on the wrong side of the road, and without any light thereon, and which plaintiff had not seen before because his lights, by reason of the curve in the road, showed to the right of the road along the trees and bushes. The plaintiff endeavored to avoid the collision by running around the defendant's team to the plaintiff's left. That he did not succeed in doing because the defendant's driver "grabbed the lines in a drowsed condition" and "jerked the horses" into the side of the plaintiff's car, with the result that the pole of the defendant's vehicle was driven into plaintiff's taxicab, through the plaintiff's leg, injuring him severely. Such evidence entirely justified the refusal to nonsuit and to direct a verdict for the defendant on the ground of contributory negligence of the plaintiff.

It is quite true that the testimony produced by the defendant as to the speed at which the plaintiff was traveling, as to the position of the defendant's truck in the road, upon the question of lights upon the respective vehicles and as to the existence of an emergency, if believed by the jury, would have required a verdict for the defendant. But, as we have indicated, in view of the conflict of the evidence upon these topics, the question of contributory negligence was for the jury.

The defendant strenuously contends that even if such an emergency, as the plaintiff claims, confronted him, yet his judgment in dealing with it was so faulty as to bar his recovery. But where the driver of an automobile upon a highway, without any fault on his part, is placed in a position of imminent peril by another vehicle, the law will not hold him guilty of such negligence as to defeat his recovery if he does not select the very wisest course, and an honest mistake of judgment in such a sudden emergency will not of itself constitute contributory negligence, although another course might have been better and safer. All that is required of a person in such an emergency is to act with ordinary care in the circumstances, it being for the jury to determine whether such an emergency existed and whether he acted with due care. *Dickinson* v. *Erie Railroad Co.,* 81 *N. J. L.* 464.

The judgment below will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, JJ.   14.

*For reversal*—None.