JOSEPH JULICH, ADMINISTRATOR AD PROSEQUENDUM UPON THE ESTATE OF PHILIP JULICH, DECEASED, PLAINTIFF, v. T. A. GILLESPIE COMPANY, A DELAWARE CORPORATION; CAL McCARTHY, WILLIAM T. MOORE AND PETER HASCUP, DEFENDANTS.

GEORGE W. STEINERT, JR., PLAINTIFF, v. T. A. GILLESPIE COMPANY, A DELAWARE CORPORATION; CAL McCARTHY, WILLIAM T. MOORE AND PETER HASCUP, DEFENDANTS.

WINIFRED TISSIERE, ADMINISTRATRIX AD PROSEQUENDUM UPON THE ESTATE OF LUCIEN JOSEPH TISSIERE, DECEASED, PLAINTIFF, v. T. A. GILLESPIE COMPANY, A DELAWARE CORPORATION; CAL McCARTHY, WILLIAM T. MOORE AND PETER HASCUP, DEFENDANTS.

Submitted January 26, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rules, *Edwards & Smith* (*Edwin F. Smith,* of counsel).

*Contra, Levenson, Comen & Levenson* (*Julius Seiden,* of counsel).

PER CURIAM.

These are rules to show cause obtained by the defendant T. A. Gillespie Company, why verdicts at the Hudson Circuit in favor of the plaintiffs should not be set aside (the actions having arisen out of the same accident, and having been consolidated for the purpose of trial).

The verdict in favor of Steinert was for $500; the verdict in favor of Tissiere, administrator, was for $12,000; the verdict in favor of Julich, administrator, was for $5,000. Each verdict was against the defendant T. A. Gillespie Company only.

The complaints charged defendant with negligence in that while it caused to be driven through the highway known as the Paterson Plank road, a horizontal boiler supported on wheels attached as a trailer to an automobile tractor, it failed to supply a proper warning light on the rear of the boiler, thereby causing the plaintiff Steinert to run his motorcycle into the rear of the boiler. In such accident Steinert was injured, his motorcycle wrecked, and the two passengers in the motorcycle, Tissiere and Julich, were killed.

The testimony disclosed that on the night of the accident, the light on the rear end of the boiler was out; that it went

out on three occasions on this one trip, twice in New York and once in Jersey, and on each occasion was relighted by Langley, the servant of the defendant; that about fifteen or thirty minutes prior to the collision, Langley got upon the truck alongside of the driver, and during that space of time no inspection of the light on the rear of the boiler was made; that after the collision Langley was seen by the chief of police and a police officer who arrived at the scene of the accident, relighting the rear lamp.

The testimony just recited we think is of peculiar significance and rendered the question of the negligence of the defendant one for the jury, and hence the defendant's motions to nonsuit and for the direction of a verdict were properly denied.

We do not think that Steinert was guilty of contributory negligence as a matter of law. He was driving his motorcycle at a speed of twenty-five miles an hour on a road at a place where the houses were more than one hundred feet apart. His duty was to exercise reasonable care in the control, management and direction of that machine. He was required to make such observations for traffic, for obstructions ahead of him on the highway, and to exercise such judgment to avoid coming in contact with them as a reasonably prudent person would have done in the same circumstances. The evidence tends to show that his motorcycle had in use a headlight, a tail-light and a sidelight; that the visibility varied at different places that night; at places he could see ten feet, others thirty feet, and others fifty feet. He knew the road very well. He saw the boiler when about ten feet away but too late to avoid it. We do not perceive how it can be said that Steinert was guilty of contributory negligence as a matter of law. *Podolsky* v. *Sautter*, 102 *N. J. L.* 598.

Neither do we see how it can be said that Tissiere and Julich were guilty of contributory negligence as a matter of law. These men were riding with Steinert and were both killed, and, of course, did not testify. There is no suggestion that the passengers in anywise contributed to or interfered with the management or the driving of the motorcycle.

We do not perceive that upon any of these questions, nor upon the question of proximate cause, that the verdicts in favor of the plaintiffs can be said to be against the weight of the evidence; nor do we find any fault with the refusal of the judge to charge as requested.

It does not seem to be argued that the verdicts were excessive, and plainly they are not.

The rules will be discharged.