CHARLES H. SHINN, APPELLANT, v. MICHAEL CHIACCIO, RESPONDENT.

Submitted October 11, 1929—Decided January 2, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Robert Peacock.*

For the respondent, *French, Richards & Bradley.*

PER CURIAM.

This is an appeal from a judgment of nonsuit. There was evidence from which the jury might have found that on a dark and very foggy night the defendant's truck was parked or at a standstill on the right side of the road under control of defendant or his servant, and without any light of any kind on the rear or front or elsewhere; that plaintiff proceeding along said road in his automobile at not over twelve miles an hour and keeping a careful lookout, came up behind the truck and suddenly ran the nose of his car under the tail-board of the truck, until then invisible to him, and thereby plaintiff's car sustained serious damage. Plaintiff testified that the fog was so thick that he could not see ahead more than three or four feet, and that at the speed of twelve miles an hour he would run about ten feet before stopping. The nonsuit seems to have predicated on these last two facts as

justifying the court in finding that there was contributory negligence, without leaving that issue to the jury.

We think the nonsuit was error. The plaintiff was not bound, as a court question, to regulate the movement of his car with reference to the possibility of an unlighted motor ahead of him. Section 7, paragraph 3 of the Motor Vehicle act, chapter 208 of *Pamph. L.* 1921, requires every automobile at night to "exhibit a red light visible from the rear; the rays of such rear lamp shall shine upon the number plate carried on the rear of such vehicle in such manner as to render the numerals thereof visible for at least fifty feet in the direction from which the motor vehicle is proceeding," as was said in *Seibert* v. *Goldstein Co.*, 99 *N. J. L.* 200, 203, "if this warning light prescribed by the act had been carried, it may fairly be presumed that the plaintiff, proceeding cautiously and maintaining a continuous vigil, would have observed it in time sufficient to have brought his [car] to a halt, and thus have obviated the collision." In other words, plaintiff was normally entitled to assume that a car ahead of him would show the statutory lights and to drive on that assumption coupled with the diminished visibility of such lights due to fog conditions; but was not required, at least as a court question, to proceed as though an unlighted car at a standstill was to be expected.

The Seibert case is even stronger for the plaintiff on the facts, because in that case there was a "pseudo white light hanging from the axle;" in the present case, if the jury believed the plaintiff, who up to the nonsuit was uncontradicted, there was none at all.

The judgment will be reversed to the end that a *venire de novo* issue.