EMMA McCUSKER, RESPONDENT, v. B. & N. TRANSPORTA-
TION COMPANY, APPELLANT.

Argued May 28, 1929—Decided February 3, 1930.

For the appellant, *William P. Braun.*

For the respondent, *Alfred Brenner.*

The opinion of the court was delivered by

CAMPBELL, J. Respondent, while a passenger in a bus of
the Public Service Co-ordinated Transport, was injured as
a result of a collision between that vehicle and that of a bus
of the other defendant below, the appellant here. The hap-
pening took place in the city of Elizabeth where Broad
street intersects with and terminates at Railroad Place,
East Broad street and North Broad street.

The respondent obtained a verdict against both defendants
below for $12,500. The Public Service Co-ordinated Trans-
port obtained a rule to show cause why a new trial as to it
should not be had. This has been disposed of by discharging
the rule to show cause. *McCusker* v. *Public Service Co-ordi-
nated Transport,* 7 *N. J. Mis. R.* 997.

The other defendant, this appellant, appeals from the
judgment entered upon the verdict in favor of the plaintiff
below and urges three grounds for reversal:

1. That the trial court committed prejudicial error in certain remarks or statements it made in the presence of the jury in passing upon a motion for direction of a verdict made upon behalf of the Public Service Co-ordinated Transport.

We find no error therein. First, because the appellant's exceptions seem to have had no reference to these remarks of the court but rather to what the court said in answer to a question propounded by a juror, and, second, error, if any there was, was not properly raised. We have so repeatedly said, as not to require citation of authority, that where statements are made by court or counsel in the progress of a trial of an action as are deemed by counsel to be prejudicial to the cause of the client, the proper practice is to request the court to instruct the jury to disregard such statements, and if the trial court refuses to so instruct, and counsel believes such refusal to be error, then to except to such ruling. If this be not done no legal error is raised as the basis of a ground of appeal. This was not done here and, therefore, the matter complained of is not properly before us.

2. That the trial court erred in its answer of instruction to a question propounded by a juror, viz.: "Would that be considered as one street at that particular point where the car lay?"

We conclude that under the facts and circumstances of the case before us there was no prejudicial error in the answer or instruction of the trial court.

3. That there was error in refusing to charge the following request of the defendant-appellant—

"At the time of the accident upon which this suit is based, there was a provision in the traffic laws that a vehicle upon making a left-hand turn or making a left-hand turn at an intersection shall pass, when possible, to the right of the center of the intersection, but the legislature has since passed a law as a guide to the reasonably prudent man requiring him to keep to the left of the center of the intersection and you have a right to consider this also in determining what reason-

ably prudent drivers would have done under the circumstances in the case."

The request in question is so utterly without factual or legal basis as to not require consideration by this court.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.