LUCY MELBER AND FRANK MELBER, PLAINTIFFS-RE-SPONDENTS, v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, A CORPORATION, AND WILLIAM STROHMEYER, DEFENDANTS-APPELLANTS.

Argued January 18, 1933—Decided July 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondent, *Joseph H. Gaudielle (James A. Major,* of counsel).

For the appellants, *Mackay & Mackay (Howard Mackay,* of counsel).

PER CURIAM.

This appeal discloses that the plaintiff Lucy Melber recovered a judgment against the defendants The Great Atlantic and Pacific Tea Company, a corporation, which conducts a chain grocery store business, and William Strohmeyer, the manager of the store.

It appears that Mrs. Melber came into the Little Ferry store of the defendant company shortly before noon on Monday, November 2d, 1931, to make some purchases, when she fell, suffering painful injuries. Her testimony disclosed that the floor was wet with oil, which, on the previous Saturday evening, had been applied to the floor surface.

The court, sitting without a jury, heard Mrs. Melber testify without objection that an employe of the defendant company said, when she had fallen, that she was "the second woman who had fallen this morning," and that after her accident sawdust and gravel was sprinkled over the floor.

A verdict of $400 was found in favor of the plaintiff Lucy Melber and the defendants appeal on three grounds. First, that the plaintiff should have been nonsuited.

We do not think this point is well taken. The motion for a nonsuit of course admits the truth of the plaintiff's evidence and of every legitimate inference that might be drawn therefrom favorably to her. *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106; 125 *Atl. Rep.* 37. The motion for a nonsuit was properly denied.

The second point upon which appellants rely is that the court erred in refusing to direct a verdict in favor of the defendants. This point has no efficacy for the reason that no motion was made to direct a verdict. Consequently, this ground of appeal fails. *Ciccone* v. *Colonial Life Insurance Co.,* 110 *N. J. L.* 276; 164 *Atl. Rep.* 444.

The third ground of appeal is that the court erred in entering a judgment for *plaintiffs* in the sum of $400 without designating the amount awarded to each of the plaintiffs.

The suit is brought by the plaintiff Mrs. Melber and her husband, Frank Melber, she suing for damages for her injuries and he suing for loss of services and medical expenses. While the suit was in the name of both plaintiffs, husband and wife, the husband's suit, to all intents and purposes was abandoned. He didn't testify; no evidence was received concerning loss of services and the plaintiff wife testifies that she paid the doctor's bill.

An examination of the record clearly discloses that only the case of Mrs. Melber was tried and the court, in its certificate

giving judgment for plaintiff, speaks in the singular number, saying, "judgment for plaintiff $400."

The case of *Warner* v. *Public Service Co-ordinated Transport,* 9 *N. J. Mis. R.* 328; 153 *Atl. Rep.* 711, on which appellants rely, is not in point. There the court rendered a judgment in the sum of $500 in favor of more than a single plaintiff without determining particularly how much of the verdict was allotted to each claimant. Here there was a state of demand containing two counts only one of which was tried. The difference between the instant case and the case relied upon by appellants is manifest.

The judgment will be affirmed, with costs.