IRVING ELOWITZ AND ANNA ELOWITZ, PLAINTIFFS-RESPONDENTS, v. MAX WINARSKY, DEFENDANT-APPELLANT.

Submitted January 18, 1933—Decided July 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the respondents, *Maurice H. Pressler* (*Herman Marx*, of counsel).

For the appellant, *Schotland & Schotland*.

PER CURIAM.

The plaintiff in this case rented an apartment from the defendant and it appears that after she moved her household goods into the premises they were damaged by the escape of steam from one of the radiators therein. This damage occurred the first time plaintiff started up a fire in the cellar

furnace. It appears that the pipe leading into the radiator at the valve was either broken or disconnected.

The plaintiff further testified that the defendant, at the time she rented the apartment, represented to her that everything was in first-class condition but that she must furnish her own heat and that the heating system was ready for use and in good order. She paid him the rent on January 19th, 1932, moved in, and on the following day started a fire in the furnace, remaining away from her apartment for about an hour, during which interval she busied herself watching the progress of the fire in the furnace and cleaning up the cellar, and, upon her return to her apartment, found the place filled with steam and her furniture damaged.

Suit was brought in the District Court of East Orange charging that the defendant represented that the heating system was in good condition when in fact it was not, to her consequent damage.

The case was tried by the court, without a jury, and the court found a verdict in favor of the plaintiff awarding damages in the sum of $200, from the entry of which judgment against him defendant below appeals.

Four reasons are written down for reversal. Two of them are not argued; consequently, they must be treated as having been abandoned. *Sargeant Bros.* v. *Brancati,* 107 *N. J. L.* 84; 151 *Atl. Rep.* 843.

The remaining points are: First, that it was error for the court to have denied defendant's motion for a nonsuit and that it was error not to have granted defendant's motion for a directed verdict.

Neither point, in our judgment, is well taken. It is elementary that on motion for nonsuit the truth of the plaintiff's evidence is admitted and should be regarded by the court in the light most favorable to the plaintiff, with all its legitimate inferences. *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106; 125 *Atl. Rep.* 37.

Applying this principle to the facts presented here, the court could find, as it probably did, that the plaintiff received the assurances of the defendant that the premises were tenantable and the radiators in proper condition. The motion

was based on the grounds that there was no duty of care on the part of the defendant and no proof of negligence or notice of the break in the pipe chargeable to the defendant. True it is, that had these representations not been made, there would have been no duty of this kind resting upon the defendant, but where the plaintiff, as here, relied upon the representations made, it was a legitimate inference from the testimony that the defendant was negligent. That being so, the motion was properly rejected.

As to the second point, that there should have been a verdict directed in favor of the defendant, it seems that the father of the defendant testified that he was the owner of the premises; that the apartment in question had been idle for only a month and that only a few days before the plaintiff's occupancy he had had repairs made to the premises, and that they were in good condition. As to this, it will suffice to say that the defendant's testimony merely raised a fact issue between the parties under which circumstances a direction for the defendant could not have been granted.

In order to justify a directed verdict the facts must not only be undisputed but the inferences from those facts must be so clear that fair-minded men ought not to differ about them. *Podolsky* v. *Sautter,* 102 *N. J. L.* 598; 133 *Atl. Rep.* 199.

It is well settled that a landlord will be held responsible for injuries caused by the defective condition of the demised premises where he undertakes to do the work and it is done negligently. *Broame* v. *New Jersey Conference, &c.,* 83 *N. J. L.* 621; 83 *Atl. Rep.* 901, and it likewise follows that where one makes representations upon which a tenant relies as to the good condition of the fixtures or appliances of the demised premises that he, too, will be held responsible. *Le Pichard* v. *Thurber Co.,* 84 *N. J. L.* 193; 86 *Atl. Rep.* 953; *La Brasca* v. *Hinchman,* 81 *N. J. L.* 367; 79 *Atl. Rep.* 885.

The point is made, although not specifically, as a reason for a directed verdict, that the defendant was not the owner of the premises but that his father, Jacob Winarsky, was such owner. It may well be that this plaintiff might have joined Jacob Winarsky as a defendant but she did not see fit to do so.

The fact that the defendant here was not the owner, if indeed it be the fact, is immaterial and it was not error to refuse a direction of verdict for that reason.

The judgment is affirmed, with costs.