ELIZABETH SYLVESTER AND ANTHONY SYLVESTER, PLAINTIFFS-RESPONDENTS, v. HOWARD A. PATE, DEFENDANT, AND MARTIN BERGOFFEN, DEFENDANT-APPELLANT.

Argued May 2, 1933—Decided December 21, 1933.

Before Brogan, Chief Justice, and Justices Trenchard and Heher.

For the appellant, *Samuel H. Nelson* (*Thomas L. Parsonnet*, of counsel).

For the respondent, *Heine & Laird* (*John A. Laird*, of counsel).

Per Curiam.

There was a judgment against the defendants in this action, instituted to recover damages alleged to have been sustained as the result of the negligence of defendants in the operation of their respective motor vehicles. Plaintiff Elizabeth Sylvester, was a passenger in a taxicab owned and driven by defendant Bergoffen, who alone appeals.

Appellant assigns three grounds of appeal, viz.: (1) that there was error in the denial of his motion for a nonsuit; (2) that there was an erroneous ruling on evidence, and (3) that the trial judge was in error in permitting plaintiff's attorney, upon summation, over the objection of appellant, to state that the "co-defendant, Pate, is a non-resident and that the issue of process against him would more readily compel his attendance than would service of a subpœna upon him without the jurisdiction." Appellant presses the third ground only. The first two are abandoned.

It is urged that the quoted statement, made by plaintiff's counsel in the presentation of the case to the jury, was prejudicial to appellant. We are unable to see how appellant could have been harmed by the statement complained of. But, in any event, appellant cannot criticise the ruling made. The transcript shows, in respect of this ruling, only that "counsel for the defendant Bergoffen objects to this statement of Mr. Laird." Where statements deemed by counsel to be prejudicial are made by court or counsel during the course of a trial, the proper practice is to request the court to instruct the jury to disregard such statements, and if the court refuses to so instruct, and counsel believes such refusal

to be error, then to except to such rulings. *McCusker* v. *B. & N. Transportation Co.*, 106 *N. J. L.* 167; 148 *Atl. Rep.* 896. This was not done in the instant case, and there was no ruling of which appellant can complain.

Judgment affirmed, with costs.