ANDREW STEBER, PLAINTIFF-RESPONDENT, v. CARMINE F. MALANKA, GERALD MALANKA AND C. F. MALANKA & SONS, INCORPORATED, DEFENDANTS-APPELLANTS.

KATHERINE HAYES, BY HER NEXT FRIEND EDWARD HAYES, EDWARD HAYES, INDIVIDUALLY, KATHERINE HAYES, DONALD MACKER AND HARRY B. HOGAN, PLAINTIFFS-RESPONDENTS, v. CARMINE F. MALANKA, GERALD MALANKA AND C. F. MALANKA & SONS, IN-CORPORATED, DEFENDANTS-APPELLANTS.

Submitted October 1, 1935—Decided February 13, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the appellants, *Bauer & Ranker* (*Eznick Bogosian*, on the brief).

For the respondents, *Charles A. Rooney* and *Feinberg & Feinberg*.

LLOYD, J. These cases grew out of a collision between cars on Tonnele avenue in North Bergen, Hudson county. There were judgments in favor of the several plaintiffs as against two of the defendants, Carmine F. Malanka and Gerald Malanka, and these defendants appeal.

The grounds of appeal are that the court should have controlled the case by a nonsuit or direction of a verdict for the defendants because of the absence of proof of negligence in the defendants, and because of the contributory negligence of the plaintiffs; also that it should have charged certain requests which had been submitted and refused.

The defendant Carmine Malanka was the owner of a truck which at the time of the accident was being operated by her servant Gerald Malanka. In the early morning of January 11th, 1933, according to the plaintiffs' testimony, Gerald had stopped the truck on the right hand side of the highway approximately three feet from the center of the road without exhibiting a rear red light as required by section 7, paragraph 3 of chapter 171, *Pamph. L.* 1931, *p.* 352; 1931 *Stat. Annual, p.* 238, § 135-56, 7, *subdiv.* (3). While so stopped the plaintiff's car ran into it, causing the damage for which the respective plaintiffs were awarded judgments.

This we think constituted proof from which the defendants' negligence could be inferred, and for which both were liable if it existed. *Seibert* v. *Goldstein Co.,* 99 *N. J. L.* 200; 122 *Atl. Rep.* 821.

Contributory negligence is rested on the ground that as a matter of law the court should have held that proceeding in the face of the lights of another car by which he was momentarily blinded and at the speed appearing in the proofs, the driver of the plaintiff's car was guilty of negligence, without which the accident would not have occurred.

Whether the manner of driving under the proofs was that of reasonable prudence, was a matter peculiarly the province of the jury to determine. Normally one does not anticipate the presence of an automobile parked near the center of the highway and especially so when there is, as here, ample space off the road (see *par.* 2 (*a*) *art.* VI, *ch.* 281, *Pamph. L.* 1928, *p.* 729; *Cum. Supp. Comp. Stat., p.* 1541, § 179-715R (601) (*A*); and whether the momentary blinding of his view should have caused the driver to do otherwise than he did is a matter about which reasonable minds might differ.

Respecting the requests for instruction to the jury, of which there were twenty-three in number, it is sufficient to say that in so far as they were proper all were charged, either directly, or in the general instruction, and that the submission of the case to the jury was without error.

The judgments are affirmed.