WALTER H. CLAYTON, PLAINTIFF-RESPONDENT, v. WILBUR VALLASTER AND S. J. GROVES & SONS COMPANY, A CORPORATION, DEFENDANTS-APPELLANTS.

Submitted May 28, 1937—Decided September 22, 1937.

For the defendants-appellants, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the plaintiff-respondent, *Camp, Lederer & Citta* (*Percy Camp* and *Robert A. Lederer,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the defendants below from plaintiff's judgment entered upon the verdict of the jury.

At the trial the evidence tended to show (among others) the following matters of fact: In the early hours of the morning of July 9th, 1936 (between one and two o'clock), the plaintiff was driving his automobile at a speed of from thirty-five to forty miles an hour, on state highway No. 4 in Ocean county, commonly known as the Atlantic City Boulevard. The road was paved with twenty feet of concrete with five-foot dirt shoulders on either side. The night was dark but the road was dry. His headlights were burning and lighted up the road about seventy-five feet ahead. The road was straight with a slight up-grade. Suddenly there loomed up in front of the plaintiff a huge object which he said looked like a house, occupying somewhat more than the right-hand side of the road. It turned out to be a trailer, owned by the defendant Groves Company, upon which there were no lights, and which was drawn by a motor vehicle that the defendant Vallaster (an employe of the owner) was driving, and on top of the trailer was some road building machinery including a concrete mixer. The trailer, if moving at all, was moving in the same direction as the plaintiff. When the plantiff saw this obstruction ahead of him it was about fifty or sixty feet distant. His brakes were in good condition. He immediately applied his brakes hard, which would ordinarily enable him to stop within about seventy-five feet; but notwithstanding the fact that his brakes were on (as shown by the testimony and the skid marks) he collided with the rear of the trailer. This suit was brought by plaintiff to recover for his property and personal injuries sustained in the collision.

The only point made by the defendants-appellants is that the judge erred in denying defendants' motions for nonsuit and for the direction of a verdict, on the alleged ground that plaintiff was guilty of contributory negligence as a matter of law.

It will be noticed that the question of the negligence of the defendants is not raised, since there was abundant evidence of such negligence to the effect that the trailer was not lighted.

We think that the motions for a nonsuit and for the direction of a verdict were properly denied, since the question of contributory negligence was for the jury.

Of course the rule is that unless it is established by the evidence beyond fair debate that the plaintiff was negligent and that the negligence directly contributed to the injury complained of, a motion to nonsuit or direct a verdict upon the ground of contributory negligence will be denied. *Fox* v. *Great Atlantic and Pacific Tea Co.*, 84 *N. J. L.* 726.

Also where the existence of contributory negligence upon the part of the plaintiff depends upon the conclusion to be reached from a variety of circumstances considered in relation to and their reaction upon each other, the jury, and not the court, is normally the tribunal to draw such conclusion. *Mayes* v. *Splitdorf Electric Co.*, 94 *N. J. L.* 460; *Eggert* v. *Mutual Grocery Co.*, 111 *Id.* 502.

The substance of the argument in behalf of the defendants-appellants concerning the phase of contributory negligence, resolves itself concededly into the proposition that the plaintiff was guilty of contributory negligence as a matter of law merely because he had sufficient room (fifteen feet) to the left of the trailer to pass without colliding with the rear of the same. They assume for the purpose of such argument, that no lights were on the rear of the trailer, and they contend that the plaintiff, irrespective of the absence of such lights, could have avoided the accident by passing to the left. Such argument we think not conclusive, for it ignores the important fact that by reason of the negligence of the defendants in failing to have proper lights on the rear of the trailer, as required by law and in the exercise of reasonable care, the plaintiff was thereby placed in a position of imminent peril. In such case the rule is that where (as here) the driver of an automobile upon a public highway, without any fault on his part, is placed in a position of imminent peril by another vehicle, the law will not hold him guilty of such negligence as to defeat his recovery if he does not select the very wisest course, and an honest mistake in judgment in such sudden emergency will not of itself constitute contributory negli-

gence, although another course might have been better and safer. All that is required from a person in such an emergency is to act with ordinary care in the circumstances, it being for the jury to determine whether such emergency existed and whether he acted with due care. *Barry* v. *Borden Farm Products Co.*, 100 *N. J. L.* 107; *Dickinson* v. *Erie Railroad Co.*, 81 *Id.* 464.

We think, therefore, the case was properly submitted to the jury.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.