WILLIAM H. HARRIS, 3d, TRADING AS SALEM EXPRESS COMPANY, PLAINTIFF-RESPONDENT, v. MILTON I. LAHN AND CHARLES PARSONS, DEFENDANTS-APPELLANTS.

Submitted October 28, 1938—Decided January 13, 1939.

For the plaintiff-respondent, *Alex P. Schuenemann, 3d* (*Horace G. Brown,* of counsel).

For the defendants-appellants, *Harry Adler* (*Samuel Adler,* of counsel).

Per Curiam.

The judgment appealed from is based upon a jury verdict given in the trial of a negligence action.

The grounds of appeal challenge the action of the trial court in (1) permitting an amendment to the complaint after both sides had rested and defendant's attorney had completed

his closing argument, the amendment not having theretofore been requested and it serving to enlarge the amount of damages demanded; (2) the refusal of the trial judge to make certain requested charges, and (3) in the admission of evidence claimed to have been outside the scope of the bill of particulars filed by plaintiff.

We consider the points urged to be without substance. The permitted amendment merely made the *ad damnum* clause of the complaint to conform with the answers in the bill of particulars and with the proofs and the theory upon which the case was tried. That this constituted abuse of discretion by the trial court, as urged, is untenable.

The second ground of appeal is based upon the refusal of the trial judge to charge as follows:

"(A) Owner and servant operating truck held negligent where servant stopped truck in the early morning on the right-hand side of highway without exhibiting rear red lights as required by statute, and was run into by plaintiff's automobile.

"(B) Driver of automobile striking unlighted truck parked on highway at night need not drive with possibility of unlighted truck ahead."

This request to charge was made after defendant's counsel had completed his summation. The court refused the request as being untimely, as well as for other reasons. We think the action of the trial court was proper. To be timely a specific request to charge should be submitted to the trial court at or before the close of evidence and before the beginning of argument. *Ceccomancino* v. *D'Onofrio,* 111 *N. J. L.* 494, and cases there cited. The request is defective also as not being properly formulated. *Klie* v. *Holstein,* 98 *Id.* 473. The subdivisions of the request are taken from headnotes found in *Sleber* v. *Malanka,* as reported in 182 *Atl. Rep.* 890, and *Shinn* v. *Chiaccio,* as reported in 148 *Atl. Rep.* 208. These cases may also be found in 14 *N. J. Mis. R.* 141, and 8 *Id.* 43, respectively, although with differently phrased headnotes. The headnotes of a decision, unless required by statute or rule of court, which is not the case here, will be given no

special force nor will it be considered as a statement of the law except so far as warranted by the judgment of the court. The court will look to the opinion for the original and authentic grounds of decision. *Burbank* v. *Ernst,* 232 *U. S.* 162; 58 *L. Ed.* 551; *Brown* v. *Railway Express Agency, Inc.,* 188 *Atl. Rep.* 716. The Steber and Shinn cases, *supra,* rest upon the holding of this court in *Seibert* v. *Goldstein Co.,* 99 *N. J. L.* 200, wherein it is stated that "the essence of negligence in such circumstances (as here) is the absence of reasonable foresight for harm, based upon the inquiry, what the reasonably prudent man would have done under similar circumstances" and that "in any given case, involving that question, where testimony is of a conflicting character, resulting in an issue of fact, the rule is settled, that to the jury must be committed the solution of the inquiry." Such an issue of fact was presented in the instant case and the trial court, in its charge, gave to the jury appropriate instructions with respect thereto.

The final ground of appeal, that, "the trial court erred in permitting the plaintiff to introduce evidence outside of the scope of the bill of particulars filed by him," is also inadequate as a ground of appeal. It is the settled law that grounds of appeal must point out the particular error claimed to have been made, stating the name of the witness and the question or answer objected to and ruled upon by the trial judge. And the court may ignore a ground of appeal otherwise made. A few of the more recent cases on this point are, *Brodsky* v. *Red Raven Rubber Co. et al.,* 111 *N. J. L.* 453; *Pollitt* v. *General Credit Corp.,* 114 *Id.* 432; *Hahn* v. *Metropolitan Life Insurance Co.,* 116 *Id.* 126. It may be said, however, the appellants' brief points to no ruling made by the trial court and the testimony suggested as being in support of the ground of appeal asserted, was received without objection. Counsel being evidently satisfied that it might be received at the time of trial will not now be permitted to complain of it.

Finding the grounds of appeal to be without merit, the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 16.

*For reversal*—None.