Plaintiff appeals from a judgment entered against him in the former Essex County Court of Common Pleas, now the Essex County Court. The action was instituted by the plaintiff to recover damages against the defendant and one Jerry Fiore; one count sounding in nuisance; the *Page 454 
other count sounding in negligence. The defendant Fiore prevailed on a motion for nonsuit and therefore is out of the case. The jury returned a verdict in favor of the plaintiff against the remaining defendant and it is from this judgment that the appeal is taken.
It is argued before this court that the appeal should be dismissed because it was not perfected in accordance with the law in effect at the time that the appeal was taken. We think this is so but we pass the point and choose to deal with the case on its merits.
The first point argued by the defendant has to do with remarks of the judge made during the course of the trial which were alleged to be highly prejudicial to the defendant. Our examination of the record convinces us that the remarks in nowise harmed the defendant, but assuming that they did, this point is not available since there was no motion on behalf of the defendant for either a mistrial, nor was there a request by the defendant to the court for an instruction to the jury that they disregard the alleged prejudicial remarks. In the absence of such a request no legal error is raised as the basis of a ground of appeal. McCusker v. B. N. Transp. Co., 106 N.J.L. 167 (E. A. 1930).
The second point argued is that the trial court did not present to the jury all of the factual issues to be decided by it and thereby committed reversible error. The argument is to the effect that the court erred in failing to charge that if the work in excavating which caused the accident was done by an independent contractor and done negligently, resulting in injury to the plaintiff, the independent contractor was liable and not the defendant. Suffice it to say that there was no evidence that the work was done by an independent contractor and therefore there was no error in the charge of the court in that respect.
The third point argued is that the court abused its discretion in refusing to consider the defendant's requests to charge. As to this point, suffice it to say that a request to charge should be submitted to the trial court at or before the close of the evidence and before the beginning of argument. *Page 455 Harris v. Lahn, 122 N.J.L. 91 (E. A. 1939). The defendant did not submit the requests until after the completion of summation of counsel. The judge was well within his discretion in refusing to charge in accordance with the request. A study of the court's charge to the jury reveals that it was full, fair and without error.
The judgment under appeal is affirmed.