John F. CATALDI

v.

SAL FINOCCHIARO MOTOR FREIGHT and James Miraglia.

Civ. A. No. 27520.

United States District Court
E. D. Pennsylvania.

Oct. 4, 1963.

Rappaport & Lagakos, by Joseph Rappaport, Philadelphia, Pa., for plaintiff.

Alfred Sarowitz, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The plaintiff, in this motor vehicle case, seeks a new trial upon the grounds that we erred in various aspects of our charge to the jury.[1] After trial of this

1. The alleged errors claimed by the plaintiff are as follows:

"A. The trial Judge erred in charging Doctrine of Assured Clear Distance.

"B. Trial Judge erred in failing to qualify the Doctrine of Assured Clear Distance.

"C. Trial Judge erred in emphasizing defendant's position without corresponding emphasis upon plaintiff's contentions.

"D. Plaintiff was entitled to a charge on sudden emergency and anticipation of negligence as requested."

action the jury returned a verdict in favor of the defendants.

Since the notes of testimony, with the exception of our charge, have not been transcribed, we will have to rely upon our memory, the pleadings and briefs of counsel to dispose of this motion.

This accident occurred on May 13, 1958, at about 9 p. m. on the New Jersey Turnpike in Mercer County. At this portion of the Turnpike it is a straight road composed of three lanes bounded by soft shoulders. Both parties were traveling south in the extreme right lane at the rate of approximately 50 miles per hour. This extreme right lane is commonly known as the "slow lane."

The testimony disclosed that the plaintiff first saw the defendant's truck 100 feet ahead of him in a straight line with no vehicles between them. No evidence was presented that any other traffic was moving in the other two lanes commonly known as the "fast" and "middle" lanes. Although the plaintiff claimed in his complaint and pre-trial memorandum that the truck had no warning lights, there was no evidence of this fact presented at the trial. At most, the plaintiff stated these lights were *dim*. A State trooper testified only that the defendant's tail light was operating when he arrived at the scene, but he had no recollection of the condition of the other lights on the truck. The defendant testified that there were other lights on the vehicle which were destroyed at impact.

In our charge to the jury, at pp. 16–21 we exhaustively covered the regulations concerning tail lamps on trucks as promulgated by the New Jersey Statutes and the Motor Carrier Safety Regulations of the Interstate Commerce Commission as requested by the plaintiff.

█ It is asserted that we incorrectly applied the law of New Jersey by charging the jury as follows at p. 13:

"The plaintiff takes the position that this tractor-trailer was proceeding and because of dim lights the plaintiff couldn't see it until he was 100 feet away. In that regard, members of the jury, the law is that you are supposed to have your vehicle under such control that you can stop within the clear range of your lights. That rule generally applies where one vehicle is stopped, but I call to your attention again that both of these vehicles were moving."

On this score, New Jersey R.S. 39:4–89, N.J.S.A. provides:

"The driver of a vehicle shall not follow another vehicle more closely than is *reasonable and prudent*, having due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." (Emphasis supplied)

While we were not requested to charge in the exact words of the statute by either party, we feel that under the facts of the case our charge substantially conformed to this law. As previously stated, there was testimony from the plaintiff that he was traveling at 50 miles per hour and that the defendant was proceeding at about the same rate of speed. In contrast to this testimony was the uncontradicted physical evidence of 75 feet of skid marks extending from the point of impact backward. This indicates a greater rate of speed than testified to by the plaintiff and warrants the conclusion that the plaintiff, with knowledge of the speed of the truck, was following too closely behind the defendant's truck. Also, with the absence of any other traffic on the highway, the plaintiff had two open lanes in which he could have avoided the truck. All of these factors indicate that the plaintiff was not proceeding at a *reasonable* and *prudent* distance from the defendant's truck with "due regard to the speed of the preceding vehicle and the traffic upon, and condition of, the highway." This aspect of the charge gave the plaintiff more than he was entitled under the facts of the case.

█ There was no evidence that the lights of oncoming traffic in any way interfered with the plaintiff's vision or prevented him from seeing the truck. Plaintiff argues that we should have

charged the jury under the sudden emergency rule. If any emergency did exist it resulted from the plaintiff's inattentiveness to the obvious presence of the truck. Under New Jersey law, the sudden emergency rule may not be invoked by one whose negligence created or contributed to the emergency.

> "The [sudden emergency] rule * * * cannot be invoked by one who has brought the emergency upon himself by his own wrong or who has not used due care to avoid it." 38 Am.Jur. Negligence § 41, p. 687; Bailey v. Branin, 279 F.2d 344, 347 (3 Cir., 1960).

The plaintiff further contends that undue emphasis was placed by the Court upon that portion of the charge dealing with contributory negligence. He cites isolated paragraphs from pp. 5, 8, 9, 11 and 12 where we referred to the evidence and law regarding contributory negligence. These few instances gleaned from a 27-page charge are hardly indicative of the overall content of the instructions.

> "A federal judge in this matter has a very wide discretion often not possessed by judges in the state courts. Thus he may summarize the evidence and comment in a proper way on the facts and the evidence if he is careful to make it plain to the jury that they are the sole judges of the facts under the evidence." Federal Practice & Procedure, Rules Edition, Barron and Holtzoff, § 1105, p. 466, (Wright ed. 1961), and see Vicksburg & Meridian R. Co. v. Putnam, 118 U.S. 545, 553, 7 S.Ct. 1, 2, 30 L.Ed. 257 (1886); Hawn v. Pope & Talbot, 99 F.Supp. 226 (E.D.Pa. 1951).

The New Jersey cases cited by the plaintiff in support of his motion are distinguishable on their facts from the instant case. In those cases either the defendant's vehicle had no lights,[2] or the truck was parked[3] and visibility was poor.[4] Thus an emergency situation was created and warranted an application of that doctrine.[5]

After consideration of all the evidence and our charge to the jury it is our considered judgment that the plaintiff suffered no prejudicial error. Motion denied.

---

2. Clayton v. Vallaster, 118 N.J.L. 568, 194 A. 167 (1937).

3. Julich v. T. A. Gillespie et al., 146 A. 785, 7 N.J.Misc. 630 (1929).

4. Shinn v. Chiaccio, 148 A. 208, 8 N.J. Misc. 43 (1930).

5. Barry v. Borden Farm Products Co., 100 N.J.L. 106, 125 A. 37 (1924).