ROSE PODOLSKY AND REUBEN PODOLSKY, RESPONDENTS, v. FRANK W. SAUTTER, APPELLANT.

Argued February 9, 1926—Decided May 17, 1926.

1. Before the trial judge can take away from the jury the question whether or not the negligence of the defendant is the proximate cause of the injury and determine that question himself, the facts must not only be undisputed, but the inferences to be drawn from those facts must be such that fair-minded men ought not to differ about them.

2. The evidence tended to show that the plaintiffs were passengers in an automobile being driven at a speed of twenty miles an hour upon a public highway, on a very dark night; that the lights on

the car in which the plaintiffs were riding suddenly disclosed to its driver the defendant's truck, about twenty-five feet ahead, which had been negligently left standing in the path of travel wtihout a rear light as required by the Motor Vehicle act (*Pamph. L.* 1924, *p.* 448) ; that the plaintiffs' driver then immediately applied his brakes and attempted, but without success, to avoid striking the truck. In such case the mere fact that the driver of the car in which the plaintiffs were riding testified, on cross-examination, that he could stop his car within "around six feet" when going twenty miles an hour, did not render the proximate cause of the accident a question of law for the court, but rather such question was one of fact for the jury.

On appeal from the Supreme Court.

For the appellant, *Carr & Carroll.*

For the respondents, *Burton A. Gaskill.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal of the defendant below from a judgment entered upon the verdict of a jury in favor of the plaintiffs in an action brought to recover for personal injuries sustained in an automobile collision.

The evidence at the trial tended to show the following matters of fact: The plaintiffs below were passengers in an automobile being driven along a public highway on a very dark night. Their driver was proceeding on his right side of the highway at a speed of from twelve to twenty miles an hour with proper lights on his car. The paved highway at the point where the collision occurred was twenty feet in width. Suddenly the lights on the car in which plaintiffs were riding disclosed about twenty-five feet ahead of the driver the wheels of a truck standing on his side of the roadway. He immediately applied his brakes and attempted, but without success, to avoid striking this object. The right side of the automobile in which plaintiffs were riding struck what proved to be the left side of defendant's truck, which was standing on the right side of the road, with a portion of the body extending over the paved surface. The truck had

no rear lights to apprise the approaching driver of its presence. In the collision plaintiffs were injured.

At the close of the case the defendant moved for a direction of the verdict in his favor solely on the ground that the absence of a light on the truck was not the proximate cause of the resulting accident, which motion was denied by the court, and defendant below bases his appeal for a reversal of the judgment entered upon the verdict solely on the refusal of the court to direct a verdict in his favor for that reason.

We perceive no reason for disturbing the judgment.

The argument of the defendant, that the admitted negligence of the defendant was not the proximate cause of the accident, is based entirely on the statement made on cross-examination, by the driver of the car in which plaintiffs were riding that he saw the object about twenty-five feet away, and that he could stop his car within "around six feet" when going twenty miles an hour. From this, defendant argues that, irrespective of the fact that the truck was parked on the road at night without any rear light, as required by the Motor Vehicle act (*Pamph. L.* 1924, *p.* 448), the driver of the car could have stopped his car before hitting it, and hence a verdict should have been directed for the defendant, because the negligence of the defendant was not the proximate cause of the accident.

But we think that this argument is fallacious. Before the judge can take away from the jury the question whether or not the negligence of the defendant is the proximate cause of the injury and determine that question himself, the facts must, not only be undisputed, but the inferences to be drawn from those facts must be such that fair-minded men ought not to differ about them.

Here, considering all the evidence, it cannot be said that the facts relevant to the proximate cause of the accident were undisputed, nor that fair-minded men might not well differ as to the inference to be drawn from them. The testimony tended to show that when the lights upon the car in which plaintiffs were riding, and which was going twenty miles an hour, suddenly disclosed to the driver, on this very

dark night, the truck of the defendant about twenty-five feet away, negligently left standing in the path of travel without a rear light, as required by the Motor Vehicle act, the driver immediately applied his brakes and attempted, but without success, to avoid striking it. And we think that the mere fact that the driver of the car in which plaintiffs were riding testified, on cross-examination, that he could stop his car within "around six feet" when going twenty miles an hour, did not render the proximate cause of the accident a question of law for the court, but rather that such question was one of fact for the jury.

The judgment below will be affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 12.

*For reversal*—None.