GOODYEAR TIRE AND RUBBER COMPANY, RESPONDENT, v. ARTHUR GORMAN GALLAGHER, APPELLANT.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *Frank P. McCarthy.*

For the respondent, *David Goldstein.*

PER CURIAM.

The plaintiff company brought this suit to recover from the defendant the purchase price of certain automobile tires and tubes alleged to have been sold and delivered by it to the defendant. The defense set up in the answer to the complaint was that the goods in question were neither sold nor delivered to the defendant and that he had never agreed to pay for them. The case was tried before the court without a jury. The result of the trial was a finding in favor of the plaintiff company, and from the judgment entered on such finding the present appeal was taken.

The situation disclosed by the proofs on the part of the plaintiff was that the defendant had, prior to the making of the sales which are the subject-matter of the present suit, sold from time to time tires and tubes to the Russell A. Groff Company; that, because of the failure of this concern to pay its bills promptly and because the plaintiff doubted its financial ability to pay for tubes and tires thereafter sold, plaintiff's representative had a meeting with the officers of this purchasing company, at which the defendant was present; that as a result of the expressed unwillingness of the plaintiff, as stated by its representative, to continue the sale of tubes and tires to the Groff company, Gallagher said that he was going to try to run the Groff company's business himself and see whether he could not make something out of it, and that he would have Groff act as his manager. He then instructed the latter to order a complete line of tires, and requested plaintiff's representative to have the tires when so ordered shipped to Groff; that plaintiff's representative then stated to Gallagher, "you realize that any merchandise shipped hereafter will have to be charged to you personally;" to which Gallagher replied that he understood that. Thereafter the plaintiff corporation shipped tires on Groff's order and charged the price thereof to Gallagher's account. Gallagher afterward refused to pay for them when called upon to do so by the plaintiff, and thereupon the present suit was brought.

The only ground for reversal urged by counsel for the

appellant in the argument before us is that the trial court erroneously denied the motion made on behalf of the defendant below to nonsuit the plaintiff. There was no error in the denial of this motion. It is entirely settled that the motion to nonsuit admits the truth of the plaintiff's evidence and of every inference of fact that can be legitimately drawn therefrom, but denies its sufficiency in law; and where the evidence and the inferences reasonably arising therefrom will support a finding for the plaintiff, the motion for nonsuit is properly denied. That the facts above recited justify such a finding in the present case is manifest.

Two other grounds of appeal were specified in the reasons for reversal filed on behalf of appellant. Neither of them, however, was argued by counsel for the appellant, and, consequently, they are to be considered as abandoned.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.