PETER PADULA, PLAINTIFF-RESPONDENT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 13, 1932—Decided January 17, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Ralph A. Villani*.

For the defendant-appellant, *Henry H. Fryling*.

PER CURIAM.

This is an appeal from the District Court of the Second Judicial District of the County of Essex wherein the court found a verdict of $100 in favor of the plaintiff and against the defendant. The cause of action arose out of these facts.

The plaintiff had parked his car on Broad street, south of Market street, in the city of Newark, sometime between 9:30 and 10 o'clock in the morning. Traffic was heavy. He parked in a place where there was a limitation as to the time he might park and after being there some minutes he resolved to change to another parking place. On starting to move his car out of the spot where he was parked, he testified that he put his arm out of the window of the car, apparently to signal the operator of any vehicle coming from the rear. He further says that he looked back and had a clear vision of from seventy-five to one hundred feet, and that he was in the act of turning out when a bus of the defendant corporation came along "at full speed" and struck his car on the left front, damaging it. From judgment in favor of plaintiff, the defendant below appeals.

The appellant sets up three determinations and directions of the trial court with which it is dissatisfied in point of law. First, that the court refused to nonsuit on the ground that there was no negligence on the part of the defendant. Secondly, that the court at the close of the whole case refused to give judgment for the defendant on the ground that there

was no evidence of negligence on the part of the defendant and that there was contributory negligence on the part of the plaintiff, and, third, that there was no evidence of liability to justify the judgment.

The defendant's motion for nonsuit was denied and no exception was taken thereto. There was some evidence of negligence on the part of the defendant and of course a nonsuit cannot be granted under these circumstances because motion for nonsuit admits the truth of the evidence offered by the plaintiff and every legitimate inference that may be drawn therefrom. *Goodyear Tire and Rubber Co.* v. *Gallagher,* 108 *N. J. L.* 543; 158 *Atl. Rep.* 428.

The appellant's motion for a direction of verdict at the end of the entire case was predicated upon the alleged contributory negligence on the part of the plaintiff and no negligence on the part of the defendant. As to direction of verdict on the ground of contributory negligence, the rule is that such verdict will not be directed unless the facts are undisputed and the inferences to be drawn therefrom such that fairminded men ought not to disagree about them. *Podolsky* v. *Saulter,* 102 *N. J. L.* 598; 133 *Atl. Rep.* 199. The facts in this case were not so clear and undisputed as to meet the requirements of this rule and the direction of verdict on the ground of contributory negligence of the plaintiff was properly denied. The question therefore of the defendant's negligence and the contributory negligence of the plaintiff, manifestly became fact issues determined below, which this court will not review. This being so, it follows that there is no merit in the third specification and determination advanced here for reversal.

The judgment under review will be affirmed, with costs.