ZUBITO SARDINO, PLAINTIFF-APPELLANT, v. VINCENZA AGNELLINO, OTHERWISE KNOWN AS VINCENZA CAL-LIOTTO, DEFENDANT-RESPONDENT.

Argued May 20, 1937—Decided September 22, 1937.

For the plaintiff-appellant, *Samuel Press.*

For the defendant-respondent, *Pellegrino J. Pellecchia, Jr.* (*Frank Cossoline,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. The plaintiff below appeals from a judgment entered upon a verdict against him and in favor of the defendant, with costs, in the Circuit Court of Essex county, and contends that the trial court's action in directing the verdict against him was erroneous.

Plaintiff sued defendant for $1,500 loaned to defendant over a period of time and for which she, the defendant, gave plaintiff the following paper-writing:

"Received from Mr. Zubito Sardino the full sum of Fifteen Hundred ($1,500.00) Dollars, this day loaned to me by him on account of the Sum of Three Thousand ($3,000.00)

Dollars, which is to be advanced by him to me as a mortgage on my property at 361 South Ninth Street, Newark, N. J. The balance of the sum of Fifteen Hundred ($1,500.00) Dollars is to be paid me when the sum is to be advanced towards the paying off of mortgage held by one D'Onofrio, in the amount found due him by the Court of Chancery of New Jersey.

Dated: July 31st, 1934.

VINCENZA AGNELLINO."

The complaint further alleges that the defendant did not require the further sum of $1,500 from the plaintiff for the purpose of paying off the mortgage held by D'Onofrio; that defendant refused to deliver to the plaintiff a bond and mortgage as agreed by her, whereupon demand was made for the return of the $1,500 loaned to defendant and upon her refusal to pay, this suit to recover the same was started.

There is a second count which is in effect one for money had and received, demanding judgment against the defendant for $1,500 with interest from July 31st, 1934.

The case for the plaintiff consisted of testimony by the plaintiff, his wife, Josephine Sardino, the attorney for the plaintiff who drew the paper-writing, and of the paper-writing itself. The testimony and documentary evidence tends to show that on the day stated in the writing the plaintiff paid to the defendant $500 in cash which, together with other payments theretofore made amounted to $1,500 the sum acknowledged in the paper-writing to have been received by the defendant. The testimony also tended to show that the further sum of $1,500 was not required by the defendant and that she refused to repay the $1,500 advanced or to otherwise secure it. That proof we believe made a case for the jury, and such appears to have been the idea of trial counsel for the defendant.

At the end of the plaintiff's case, counsel for defendant addressed the court as follows:

"Your honor, I was going to ask for a nonsuit, but I feel that the court's time has been taken up. We only have one

witness. I am going to let the jury decide; that is, I am going to put my defense in, notwithstanding. I am not going to ask for a nonsuit. I am going to let my defendant go on the stand."

The defendant was then sworn. She testified to financial dealings with the plaintiff mentioning various sums of money passing between them. On direct examination she denied owing $1,500 *but admitted owing the plaintiff $500.* On cross-examination *she admitted signing the paper-writing showing the receipt of $1,500* from the plaintiff together with a recital of various money transactions between her and the plaintiff.

At the end of the case defendant's counsel moved for a direction of a verdict in her favor and the learned trial judge granted the motion upon the ground that the proofs did not support the allegations of the complaint, but on the contrary showed that "no such sum of $1,500 was loaned by plaintiff to the defendant."

We believe that action was erroneous. It seems to have ignored the full sweep of the testimony and evidence, not only of the plaintiff, but of the defendant herself. It seems also to have ignored the effect of the count for money had and received. It is true that the evidence was conflicting and confusing to a remarkable degree, particularly with reference to amounts and dates, perhaps due in part to the want of acquaintance of the witnesses with the English language in which the examination was conducted.

Considering all of the evidence we believe it would have justified the jury in finding, if they saw fit, the facts essential to the plaintiff's recovery.

Now the familiar rule is that a verdict should never be directed for one party unless the evidence is such that no view that the jury may lawfully take of it favorable to the other party can be sustained. 26 *R. C. L.* 1068.

Applying that rule to the present case we believe that the direction of the verdict was erroneous, and accordingly the judgment will be reversed, and the record remitted for a new trial, costs to abide the event.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.