ELIZABETH COURTNEY, PLAINTIFF-RESPONDENT, v. GARDEN STATE LINES, DEFENDANT-APPELLANT.

Argued February 3, 1938—Decided May 11, 1938.

For the plaintiff-respondent, *Edward O. West.*

For the defendant-appellant, *John B. Zabriskie.*

The opinion of the court was delivered by

WOLFSKEIL, J. This is an appeal from a judgment based upon a verdict in favor of plaintiff. An application for a new trial on the ground that the verdict was contrary to the weight of evidence was denied and defendant appeals. Two grounds are argued:

*First*—That the refusal to allow a new trial was an abuse of discretion. It is, of course, true that in granting or refusing a new trial the court is exercising a discretionary power which is not ordinarily reviewable. *Delaware, Lackawanna and Western Railroad Co.* v. *Nevelle,* 51 *N. J. L.* 332; *Giordano* v. *Asbury Park,* 103 *Id.* 194; *De Fronzo* v. *Public*

*Service Co-ordinated Transport,* 116 *Id.* 116; *Trovato* v. *Capozzi,* 119 *Id.* 147. Appellant contends, however, that there should be a review in this case because the evidence warranted only a single and inescapable conclusion that the happenings and plaintiff's injury were free from any proximate or contributing fault of defendant. An examination of the testimony would therefore be determinative.

.Appellant operated a bus line between New York City and points in North Jersey. A bus in which plaintiff was a passenger came over the George Washington bridge and was approaching Webster avenue, Teaneck. It was a rainy, foggy night and the pavement was slippery. An automobile coming in the opposite direction veered toward the bus. The driver of the bus suddenly applied his brakes and a collision ensued. Plaintiff was thrown forward and sustained the injuries complained of. There was diversity of opinion as to the speed of the bus, plaintiff's witnesses placing this at between fifty and sixty miles an hour, and defendant's witnesses estimating the rate at between thirty and thirty-five miles. There was corroboration of two impacts, that which was first caused by the sudden application of the brakes followed after an interval by the crash of collision.

The basis on which the case was tried and the gravamen of negligence claimed was that the casualty was the result of sudden application of brakes by the bus driver while proceeding at an excessive rate of speed, and further that the plaintiff's injuries were received prior to the collision between the bus and the automobile proceeding in the opposite direction. A colloquy between court and counsel, acquiescence of counsel and the evidence itself confirms this as the issue presented.

Nevertheless, appellant insists that its vehicle was in good condition, the brakes firm, the bus remained on the right side of the road, the quick stopping was a normal response in an emergent situation not created by defendant and therefore defendant was not answerable for results flowing out of acts beyond its own scope of responsibility. It relies on *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106, in

which it was held that the driver of an automobile placed in a position of imminent peril will not be deemed guilty of negligence if he does not select the wisest course and succumbs to an honest mistake of judgment. But this ruling must be tempered with the condition that the driver's position is not attributable to his own fault. The exoneration does not apply when the driver's negligence creates or contributes to the exigency, for then there ensues a precedent actionable wrong, distinct from consideration of the later choice of conduct in the emergency. There is no invariable immunity in a claim that the best judgment of the moment was summoned in a critical juncture, when it is possible to conclude that alternative courses were previously open to selection, one of which could have averted the crisis and have made unnecessary the quick decision that connoted danger. In this case it was plainly for the jury to determine the factual questions as to the speed of the bus and the proximate cause of the plaintiff's injuries. Then, too, there was proof upon which the jury could rest a conclusion that aside from the crash between the oncoming car and the bus there was negligence in the sudden application of the brakes that threw plaintiff violently forward to her hurt. The evidence was ample to support the verdict for the plaintiff and there was no abuse of discretion in the refusal to grant a new trial.

*Second*—Objection is made to that portion of the charge in which the court said: "* * * so you see we are not concerned now with the results of the collision between the bus and the passenger car, but we are concerned with the circumstances and everything connected with that passenger car, in so far as it has any relationship to the driver of the bus applying his brakes * * *."

Appellant contends that this excluded from the jury's consideration the possibility of determining that plaintiff's injury resulted from the collision, arguing that in such event defendant would be immune from liability since it was urged the collision itself arose from the proximate fault of the automobile driver. It is to be remembered, however, that this case was tried on the theory that the injury complained of resulted

from the sudden application of the brakes by the driver of the bus before the collision occurred. What the court sought to convey to the jury, and no doubt did, was that the issue related to the management of the bus before the collision occurred, and that it was not claimed that the injuries resulted from the collision. A jury should not be barred from consideration of any legitimate inference which can be drawn from testimony that could have a justifiable bearing on the verdict. A charge is not to be evaluated by an excerpt, and the isolated portion must be considered in connection with its context. See *Simmons* v. *Lee,* 117 *N. J. L.* 370; 14 *R. C. L.* 817. Having this in mind it is apparent from a full reading of the charge that the jury's consideration of properly deductible conclusions was not circumscribed and there was no erroneous delimitation of its verdict. *Poling* v. *Melee,* 115 *N. J. L.* 191.

Finding no error the judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 14.

*For reversal*—None.