JOHN J. FARLEY, AN INFANT UNDER THE AGE OF FOUR-
TEEN YEARS BY HIS NEXT FRIEND, JANE FARLEY,
AND JANE FARLEY, INDIVIDUALLY, PLAINTIFFS-
RESPONDENTS, v. FLORENCE KEARSON AND MAX
KEARSON, JOINTLY, SEVERALLY AND IN THE ALTER-
NATIVE, DEFENDANTS-APPELLANTS.

Argued October 19, 1938—Decided January 13, 1939.

For the plaintiffs-respondents, *William J. Camarata* (*John A. Gleason,* of counsel).

For the defendants-appellants, *Collins & Corbin* (*Edward A. Markley,* of counsel).

The opinion of the court was delivered by

WALKER, J. The trial judge charged the jury with part of subdivision b of section 3 of article XI of "An act providing for the regulation of vehicles, &c." (Revision of 1928), as amended by chapter 103 of *Pamph. L.* 1936 (*R. S.* 1937, 39:4-40) and then commenting thereon said:

"That is a provision which our legislature has laid down for the guidance of motorists on the highway. While it is not conclusive evidence of negligence, it is a circumstance in the case from which you may find negligence or not as you shall determine yourselves."

The appellants say the judge thereby committed error, because, he in effect instructed the jury that; while a mere violation of the so-called Traffic act on the part of the defend-

ants did not raise "a conclusive presumption" of negligence, nevertheless it was a sufficient factor standing by itself to amount to "a rebuttable presumption" of negligence. In this we cannot agree.

Negligence can be predicated on a mere violation of the Traffic act (*Kuczko* v. *Prudential Oil Corp.*, 110 *N. J. L.* 111), and whether such a violation is a contributing cause to the accident is a circumstance for the jury to consider.

The appellants must read the whole portion of the charge complained of, they cannot segregate therefrom the words "while it is not conclusive evidence of negligence   *   *   *," and have this court consider said words without regard to the whole sentence. The test of the soundness of instructions is, how and in what sense, under the evidence before them, and the circumstances of the trial, would ordinary men and jurors understand the instructions as a whole. *Kargman* v. *Carlo*, 85 *N. J. L.* 632.

Considering the part complained of in the light of the whole charge, it in nowise injuriously affected defendants' substantial rights; and this is the test of reversible error laid down by section 27 of chapter 231 of *Pamph. L.* 1912 (*R. S.* 1937, 2:27-241), *Niles* v. *Phillips Express Co.*, 118 *N. J. L.* 455.

Judgment affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ. 15.

*For reversal*—None.