### MIKOLAJCZYK v. ALLCUTT.
#### No. 6780.

Circuit Court of Appeals, Third Circuit.
Feb. 11, 1939.

G. A. Troutman and J. W. McWilliams, both of Philadelphia, Pa. (Wesley, Wagoner, Troutman & McWilliams, of Philadelphia, Pa., of counsel), for appellant.

Felice E. Darkow, Samuel S. Herman and Herman & Harris, all of Philadelphia, Pa., for appellee.

Before DAVIS, MARIS, and BUFFINGTON, Circuit Judges.

MARIS, Circuit Judge.

At a quarter past five on the morning of September 24, 1936, it being still dark, a large truck belonging to Shein's Express was observed standing on the side of the Trenton-Philadelphia highway within the limits of the Borough of Tulleytown, Bucks County, Pennsylvania. The truck was facing in an easterly direction off the concrete pavement. It was standing west of the built-up portion of Tulleytown and about 250 feet from the nearest house. The driver of the truck, Frank Mikolajczyk, the plaintiff's deceased husband, was in the cab. About ten minutes later Edgar Ansell, who was driving a truck from Newark to Philadelphia, as he was passing through the center of Tulleytown

going west, saw about a half a mile ahead of him four headlights pointing toward him and a cluster of body lights. He was about to pass another truck at the time but as he saw these lights he drew back behind it and immediately heard a crash ahead of him.

Ansell and others at once hastened to the scene of the accident which was near the point where the Shein truck had been observed. Upon arriving there they found two large motor trucks which showed evidence of having recently been in collision. One of them was the Shein truck and the other was a truck belonging to Harvey E. Allcutt, the defendant. The trucks were both headed in an easterly direction and were off the highway to the south of the concrete paving. The Allcutt truck was ahead of the Shein truck and was standing, its real wheels being about three feet from the pavement and its front wheels about seventeen feet therefrom. Its right front fender and the right side of its cab were considerably damaged. Behind it, separated by a distance of three feet, was the Shein truck overturned and lying on its right side, its rear wheels and axle detached from the trailer body and the lower rear portion of the body damaged.

The driver of the Allcutt truck was wandering about in a dazed condition and the bodies of two dead men were pinned under the trucks, the plaintiff's deceased husband with his head under the trailer body of the Shein truck and the helper from the Allcutt truck with his head under its left rear wheel. There were on the ground physical traces or skid marks of the courses of the two trucks. The marks of the Allcutt truck commenced on the concrete and one of them was about sixty feet long, the other much shorter. The marks of the Shein truck extended back parallel with the concrete and about five feet off of it for a distance of about twenty-seven feet.

The plaintiff subsequently brought an action of negligence against the defendant for the death of her husband. At the trial in the court below the evidence disclosed the facts which we have described. The driver of the Allcutt truck, although present in the court room, was not called as a witness by either party and no other eye witness was produced. At the close of the plaintiff's case the defendant produced no evidence but moved for binding instructions in his favor which the court granted. The present appeal followed.

The sole question for our determination is whether the evidence offered by the plaintiff and all reasonable inferences which might be drawn therefrom could have supported a finding of negligence on the part of the driver of the defendant's truck. This question we think was rightly decided by the court below ·in favor of the defendant.

From the evidence which we have recounted it may clearly be inferred that the right front portion of the Allcutt truck came into collision with the rear of the Shein truck and that as a result of the collision the latter overturned and the plaintiff's decedent met his death. There is, however, nothing in the evidence to explain the manner in which the two trucks came into collision or to raise any presumption that the accident was due to the fault of the driver of the Allcutt truck. On the contrary it would be, as the trial judge pointed out, equally consistent with the evidence to infer that the plaintiff's decedent suddenly pulled or backed out from the side of the road into the path of the Allcutt truck in such a manner that its driver could not avoid a collision.

The uncontroverted evidence of the physical facts was not, as the plaintiff argues, sufficient to support an inference of negligence on the part of defendant driver. The damage to the trucks merely indicated that a rear end collision had taken place. There was nothing to show whether the Shein truck was at the time moving forward, standing still or moving backward. Consequently the rule invoked by the plaintiff, that a rear end collision with a vehicle moving forward calls for an explanation by the defendant, can have no application. The location of the skid marks upon the ground furnished no clue as to the place of the collision. Nor did these marks supply evidence of excessive speed in the absence of any evidence as to the distance within which it should have been possible to stop the Allcutt truck when being driven at a reasonable rate of speed. Furthermore the comparatively small amount of damage to the two trucks, in view of their size and weight, tends to rebut rather than raise an inference of excessive speed.

We are, therefore, compelled to conclude that the plaintiff failed to sustain the burden which the law cast upon

her to prove the negligence of the defendant's driver. It was encumbent upon her to produce some evidence to indicate how the accident occurred since its mere happening was not evidence that one of the parties to it was negligent. Pfendler v. Speer, 323 Pa. 443, 185 A. 618. The evidence, however, leaves us completely in the dark as to what actually occurred. All that we know is that the right front portion of the Allcutt truck came into contact with the rear of the Shein truck. We do not know whether the latter was standing still or in motion, nor do we know whether it was on or off the highway or partly on and partly off. It is obvious that any verdict which the jury might have rendered upon the evidence in this case would have been based upon conjecture and not upon fact.

■■ The presumption that the plaintiff's deceased husband exercised due care does not assist her in meeting the burden of proof of the defendant's negligence. That presumption arises only when necessary to rebut an inference of contributory negligence on the decedent's part. It cannot take the place of evidence as to the manner in which the accident occurred, nor can it support an inference that because the decedent must be presumed to have used due care the driver of the Allcutt truck was negligent, since, as we have seen the mere happening of an accident does not justify an inference that it resulted from the negligence of one of the parties to it. Sajatovich v. Traction Bus Co., 314 Pa. 569, 172 A. 148.

Judgment affirmed.