CHRISTIAN HEUSER, PLAINTIFF-APPELLANT, v. HER-
BERT R. ROTHENBERG AND ARTHUR B. VAN BUS-
KIRK, DEFENDANTS-RESPONDENTS.

Submitted May 26, 1939—Decided September 22, 1939.

For the appellant, *Quinn & Doremus.*

For the respondent, *Lester C. Leonard.*

PER CURIAM.

This is an appeal from a judgment of the Supreme Court
which affirmed a judgment of no cause of action against the
appellant and in favor of the respondent entered in the Mon-
mouth County Court of Common Pleas on the verdict of a
jury. The action was in negligence to recover damages to
appellant's car and for personal injuries resulting from a
collision between his car and the car of the respondent Rothen-
berg, and driven by the respondent Van Buskirk.

The appellant obtained a rule to show cause, with no excep-
tions reserved, and assigned among other reasons that the
verdict was against the weight of the evidence. The trial
court discharged the rule to show cause.

The appellant appealed to the Supreme Court and argued
that the trial court committed an abuse of discretion in dis-

charging the rule to show cause. The grounds of appeal in the Supreme Court were generally the same as the reasons argued before the trial court on the return of the rule. The Supreme Court considered each of the reasons urged there, and, in particular, the ground that there was no evidence to support the verdict of the jury, and stated that it could perceive no abuse of discretion by the trial court in the discharge of the rule to show cause.

The appellant asserts before this court only one ground for reversal and that is the trial court and the Supreme Court both committed an abuse of discretion, but he confines his argument to an attack on the weight of the evidence. This court cannot concern itself with the weight of the evidence.

The fundamental rule is that in granting or refusing a new trial the trial court exercises a discretionary power and that its discretion is not ordinarily reviewable on appeal. The appellant, disregarding this well settled rule, attempts by this appeal to have this court substitute its judgment for that of the trial court. But this may not be.

The trial court heard the witnesses and had the opportunity of observing the demeanor of each of them as he testified, whereas all this court, or the Supreme Court, on appeal can do is to appraise the printed transcript of what they said. If the action of the trial court in denying a new trial is to be reviewed at all on error, it is reversible only for the plainest abuse of discretion, and it is not so plain in the present case as to call for this exceptional action on the part of an appellate court. *Courtney* v. *Garden State Lines,* 120 *N. J. L.* 294; *Trovalo* v. *Capozzi,* 119 *Id.* 147, 149; *DeFronzo* v. *Public Service Co-ordinated Transport,* 116 *Id.* 116; *Wasker* v. *G. R. Wood, Inc.,* 114 *Id.* 266.

For these reasons the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.