PAULINE DOBROW, LOUIS DOBROW, JACK LIEBERMAN AND RUTH LIEBERMAN, PLAINTIFFS, JACK LIEBERMAN AND RUTH LIEBERMAN, PLAINTIFFS-APPELLANTS. v. SAMUEL HERTZ AND FREDERICK G. WILDING, DEFENDANTS, SAMUEL HERTZ, DEFENDANT-RESPONDENT.

Submitted May 31, 1940—Decided October 10, 1940.

For the appellants, *J. Bernard Saltzman.*

For the respondent, *Edward A. Harmon* (*Maurice A. Roberts,* of counsel).

The opinion of the court was delivered by

Perskie, J. This is a suit allegedly based upon actionable negligence. The basic question requiring decision is whether the trial judge erred in directing a verdict of no cause of action in favor of the defendant Samuel Hertz.

On Saturday evening, January 16th, 1937, Samuel Hertz, respondent here and defendant below, invited Jack Lieberman and Ruth Lieberman, his wife, appellants here and plaintiffs below, and two other friends, to accompany him and his wife to a show in New York. The party of six left Passaic, New Jersey, saw the show in New York, had supper there and sometime after two A. M., on Sunday, January 17th, 1937, started their return trip. Defendant Hertz was driving. About three A. M., he was traveling over Paterson avenue, in Wellington, New Jersey. He was going in a westerly direction on said highway when his car collided with the car which was driven on said highway, in an easterly direction, by Frederick G. Wilding, who was admittedly intoxicated. All four of Hertz's guests sustained injuries. All four commenced suit against Hertz and Wilding, but the latter was never served with process. The learned trial judge denied defendant's motion for a nonsuit, but at the end of the entire case directed a verdict of no cause of action in favor of the defendant Hertz. From the judgment so entered upon that verdict plaintiffs, above named, alone have appealed.

1. The applicable law is settled. In passing upon a motion to direct a verdict, just as in passing upon a motion for a nonsuit, the evidence will not be weighed. The party against whom the motion is made is entitled to have all the evidence in his favor and all the legitimate inferences to be drawn therefrom treated as true. When fair minded men may honestly differ as to the conclusion to be reached from that evidence, controverted or uncontroverted, the case must be submitted to the jury. *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374; *Christine* v. *Mutual Grocery Co.,* 119 *N. J. L.* 149, 151, 152; 194 *Atl. Rep.* 625. A verdict may be directed in favor of one party only when the evidence, together with the legitimate inferences to be drawn therefrom is such that no view which the jury might lawfully take of it

favorable to the other party would be sustained. *Sardino* v. *Agnellino,* 119 *N. J. L.* 7; 194 *Atl. Rep.* 137.

With these principles in mind, we turn to the evidence in the case at bar. We shall not attempt to state it in detail. Suffice it to observe that the circumstances immediately preceding the accident are sharply controverted. But accepting as true all of the evidence in favor of the plaintiffs and granting to the plaintiffs all legitimate inferences to be drawn therefrom, we find that there is proof to the effect that defendant "was anxious to get home" because the Hertzs had left their children alone at home; that defendant's attention, shortly prior to the accident, had been called to the fact that he was traveling "pretty fast;" that defendant first saw the Wilding car when it was about "a block away" from him and he noticed that it was traveling in a "zig zag" manner; that notwithstanding his observation, defendant continued driving his car in but a slightly decreased rate of speed until the Wilding car was about eight feet from him when he sharply turned to the left and then the collision occurred; and that defendant's car skidded for about fifty feet.

On such facts, we are not able to say that a verdict in favor of the plaintiffs would not be sustained.

2. The trial judge apparently concluded that defendant was confronted with a sudden emergency and that, therefore, he was "not liable for errors of judgment in an emergency unless his negligence has contributed to the emergency." The judge then concluded that plaintiffs had failed to prove actionable negligence on the part of the defendant arising prior to the emergency. That result was reached upon the premise that "reasonable men could not differ" on that result.

We think that the trial judge fell into reversible error.

It is true that when one is faced with a sudden emergency, not caused by his own tortious conduct, the law does not charge him with actionable negligence if, in the making of a hasty decision between two alternative courses of action, he does not exercise or select the wisest course and succumbs to an honest mistake of judgment. The law merely requires that conduct which is reasonable to expect of him under the circumstances. But it is equally true that it is for the jury

to determine whether an emergency existed and whether he acted with the care required of him under the circumstances. *Dickinson* v. *Erie Railroad Co.,* 81 *N. J. L.* 464; 81 *Atl. Rep.* 104; *Barry* v. *Borden Farm Products Co.,* 100 *N. J. L.* 106; 125 *Atl. Rep.* 37; *Courtney* v. *Garden State Lines,* 120 *N. J. L.* 294, 297; 199 *Atl. Rep.* 38. In addition, it was also for the jury to determine whether or not defendant himself was responsible for the existence of the emergency. For if he was, if his tortious conduct created the emergency he may not be exonerated. He, of course, cannot take advantage of his own wrongdoing. *Courtney* v. *Garden State Lines, supra* (at *p.* 297).

It was, therefore, error to direct a verdict in favor of defendant.

Accordingly, the judgment is reversed, and a *venire de novo* is awarded. Costs to abide the event.

*For affirmance*—HEHER, HAGUE, JJ. 2.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.