### WARREN v. HAINES.
### No. 7786.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 15, 1941.

Decided Jan. 8, 1942.

Rehearing Denied Feb. 10, 1942.

---

Richard J. Mackey, of New York City, for appellant.

Frank P. Zimmer, of Newark, N. J., for appellee.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff brought suit in the District Court for the District of New Jersey to recover damages for the death of her husband, which she alleged was caused by the negligence of the defendant. At the close of the plaintiff's case the defendant moved for a nonsuit. The court reserved decision. The defendant presented his evidence and moved for a directed verdict. The court entered judgment dismissing the action. The appeal is from that judgment. In jury actions an order of dismissal granted because the court is of the opinion that under the facts and the law the plaintiff has shown no right to relief is equivalent to an involuntary nonsuit under the former practice.[1] The questions are whether the plaintiff's evidence and all reasonable inferences which might be drawn therefrom could have supported a finding that the driver of the truck was negligent,[2] and if he was negligent whether that negligence was the proximate cause of the accident.

The plaintiff's husband was killed in a collision between the Pontiac which he

[1] Kataoka v. May Department Stores Co., D.C.S.D.Cal.1939, 28 F.Supp. 3.

[2] Mikolajczyk v. Allcutt, 3 Cir., 1939, 102 F.2d 82.

was driving and a milk truck owned by the defendant and operated by his employee. The collision occurred between 6:30 and 7 o'clock on the morning of August 18, 1939. The Pontiac was travelling in a westerly direction and the milk truck in an easterly direction on State Highway No. 28 near the town of North Branch in New Jersey. There is a curve in the road at Burnt Mills Road but at the time of the collision the Pontiac had gone about 250 feet past the curve and the truck had not reached it. The accident took place on the straight-away. At the place of the accident the concrete pavement of the road is 20 feet wide and is divided by a white center line into two 10 feet sections. The milk truck was eight feet wide. A witness for the plaintiff testified that a few seconds before the collision the truck was two feet in from the edge of the road. Asked to give a physical demonstration of the distance he indicated somewhat more than three feet. Assuming the physical demonstration to represent the actual distance, the left wheels of the truck must have been approximately one foot over the white center line. The law of the road requires drivers to keep to the right of the center of the road. The New Jersey statute is in conformity with this rule.[3] The truck was travelling at a speed between 40 and 45 miles an hour. The permissible statutory speed is 20 miles an hour.[4] In our consideration of the case we have not only accepted the testimony that the truck was three feet from the edge of the road and thus partially over the center line, but

have also accepted as a reasonable inference therefrom that there was no change in its position relative to the center line within the few seconds which elapsed from the time the witness first saw the truck until the collision.[5]

Violations of traffic statutes may be considered by the jury in determining whether the defendant was negligent.[6] Proof of the defendant's negligence is not sufficient, however, to justify a verdict for the plaintiff. There must be evidence that the defendant's negligence was the determinative or proximate cause of the injury.[7] Such a finding in the present case would be based wholly upon speculation or caprice. According to the plaintiff's evidence her deceased husband had all but one foot of his own ten feet wide section of paved road upon which to operate his Pontiac. There is nothing to show that his vision was obstructed or that his side of the road was crowded by other vehicles. There is no evidence that the defendant's truck cut into the path of the Pontiac. Indeed the proof as to the points of contact between the two vehicles and the consequent damages to each of them might well lead one to conclude that the Pontiac cut across the path of the truck. Since the plaintiff has failed to prove any causal connection between the defendant's negligence and the death of her husband it follows that the judgment of dismissal was proper.

The judgment of the district court is affirmed.

---

3 New Jersey Laws of 1928, c. 281, Art. VIII, § 5, p. 733, N.J.S.A. 39:4–82.

4 New Jersey Laws of 1928, c. 281, Art. IX, § 4, p. 737 as amended, N.J.S.A. 39:4–98.

5 "In passing upon a motion for a nonsuit, the evidence will not be weighed, The party against whom the motion is made is entitled to [have] all the evidence in his favor and all the legitimate inferences to be drawn therefrom treated as true; and when fair minded men may honestly differ as to the conclusion to be reached from that evidence, controverted or uncontroverted, the case must be submitted to the jury. * * * A verdict

may be directed in favor of one party only when the evidence, together with the legitimate inferences to be drawn therefrom is such that no view which the jury might lawfully take of it favorable to the other party would be sustained." Perskie, J., in Dobrow v. Hertz, 125 N.J.L. 347, 348, 349, 15 A.2d 749, 750.

6 Reeves v. Prosser, 109 N.J.L. 485, 162 A. 729; Kuczko v. Prudential Oil Corp., 110 N.J.L. 111, 164 A. 308; Niles v. Phillips Express Co., 118 N.J.L. 455, 193 A. 183; Farley v. Kearson, 121 N.J.L. 622, 3 A.2d 591.

7 Podolsky v. Sautter, 102 N.J.L. 598, 133 A. 199.